[No. B073879. Second Dist., Div. Six. Aug. 23, 1994.]

JOHN R. JOHNSON, Plaintiff and Appellant, v.
FIRST STATE INSURANCE COMPANY et al., Defendants and
Respondents.

COUNSEL

Kircher & Nakazato and C. William Kircher, Jr., for Plaintiff and Appellant.

Hawkins, Schnabel, Lindahl & Beck and Kelley K. Beck for Defendants and Respondents.

OPINION

**GILBERT, J.**—A lawyer brings an action against his professional liability insurance carrier for failure to defend him in a malicious prosecution action. We hold there was no duty to defend where the malicious prosecution action

arose from a conspiracy action the lawyer brought on his own behalf. We affirm.

FACTS

Johnson and his firm were sued for malpractice by Underwriters at Lloyd's of London, Orion Insurance Company, Ltd., Victoria Insurance Company, Ltd., Minster Insurance Company, Ltd., London and Overseas Insurance Company, Ltd., and Phoenix Insurance Company, Ltd. That action stemmed from allegedly negligent advice concerning the duty to defend in a wrongful death action.

Later Johnson brought an action against approximately 100 insurance and related companies. Included among the defendants were Rollins Burdick Hunter Company (Rollins), an insurance broker. The complaint alleged the malpractice action was part of a series of collusive lawsuits in furtherance of a conspiracy among the defendants to suppress and conceal the existence of insurance coverage.

Johnson was represented in the conspiracy action by the law firm of Grover A. Perrigue III. Johnson was also an employee of the firm and worked on his own case.

After Rollins was dismissed from the conspiracy action, it sued Johnson and Perrigue for malicious prosecution. Johnson and Perrigue had professional liability insurance with First State Insurance Company and New England Reinsurance Corporation (collectively, First State).

The policy provided in part:

"I - INSURING CLAUSES

"A - Professional Liability and Claims Made Clause: To Pay on behalf of the insured all claim expenses and all sums in excess of the deductible that the insured shall become legally obligated to pay as damages as a result of claims first made against the insured during the Policy Period:

"1). by reason of any act, error or omission in professional services rendered or which should have been rendered by the Insured or by any person for whose acts, errors or omissions the insured is legally responsible: or

"2. because of personal injury arising out of the coverage set forth in INSURING CLAUSE A-1, provided always that such act, error or omission or such personal injury happens:

"(a) during the Policy Period; . . . .

". . . . . . . . . . . . . . . . . . . . . . . . . . . .

"II - Definitions

". . . . . . . . . . . . . . . . . . . . . . . . . . . .

"F. "Personal Injury," whenever used in this policy, means:

"1. . . . malicious prosecution. . . .

". . . . . . . . . . . . . . . . . . . . . . . . . . . .

"J. 'Professional Services,' whenever used in this policy, means all services rendered or which should have been rendered for others:

"1. by the Insured in the Insured's capacity as a lawyer, notary, administrator of an estate, executor, guardian, trustee or in any similar fiduciary capacity in the conduct of the firm's business."

First State agreed to represent Perrigue, but refused to represent Johnson. The refusal to represent Johnson was based on the theory that, because Johnson was the plaintiff in the conspiracy action, the malicious prosecution action did not arise out of professional services "rendered for others," as provided in the policy.

Johnson prevailed in the malicious prosecution action, but brought the instant action against First State for failure to defend. The trial court granted First State's motion for summary judgment.

## DISCUSSION

■ Johnson contends the dispute arose out of professional services rendered for others within the meaning of the policy. He claims the policy provides coverage where there is "[a] causal nexus" between a claim for damages for malicious prosecution, and an act, error or omission "in connection with" the professional representation of others.

■ It is true that an ambiguity in a policy of insurance must be interpreted in favor of the insured. (*Gray* v. *Zurich Insurance Co.* (1966) 65 Cal.2d 263, 269 [54 Cal.Rptr. 104, 419 P.2d 168].) But the language of a policy cannot be found to be ambiguous in the abstract. (*Bank of the West* v. *Superior Court* (1992) 2 Cal.4th 1254, 1264-1265 [10 Cal.Rptr.2d 538, 833

P.2d 545].) Interpretation of a claimed ambiguity must be made in light of the insured's objectively reasonable expectation of coverage. (*Ibid.*)

Courts will not indulge in forced construction so as to fasten liability on an insurance carrier which it has not assumed. (*Fire Ins. Exchange* v. *Jiminez* (1986) 184 Cal.App.3d 437, 442 [229 Cal.Rptr. 83].)

 There is no objectively reasonable expectation of coverage when there is only a remote relationship between a claim for damages and an act, error or omission in connection with representation of others. For example, actions between former partners for fraud and misrepresentation in the dissolution of a law firm are not covered by a policy containing language similar to that involved in the instant case. (*Blumberg* v. *Guarantee Ins. Co.* (1987) 192 Cal.App.3d 1286, 1292-1293 [238 Cal.Rptr. 36].) The rule would not be different simply because the dissolution of the partnership was precipitated by the malpractice of one of the partners.

Here Johnson was not required to sue Rollins as part of his defense of the malpractice action brought by third parties. Johnson neither rendered professional services for Rollins nor did he sue Rollins on behalf of a client. Johnson brought the conspiracy action on his own behalf. The connection, if any, between the rendering of professional services to others and the malicious prosecution action is too remote to give rise to an objectively reasonable expectation of coverage under the policy.

Nor is there merit to Johnson's contention that he is entitled to coverage as an employee of the Perrigue firm. His contention appears to be based on the distinction between the Perrigue firm as a corporate entity and himself as an individual plaintiff. Thus in performing work for the law corporation, he argues, he was performing work for others within the meaning of the policy. Johnson cannot escape, however, that the beneficiary of his legal work on the conspiracy case was himself. In performing legal work on his own case he is not performing legal work for others. (See *Transamerica Ins. Co.* v. *Sayble* (1987) 193 Cal.App.3d 1562, 1568-1569 [239 Cal.Rptr. 201], which rejected the argument that because a lawyer owes a fiduciary duty to his partner, he is acting in a fiduciary capacity "for others" when he manages the law firm.)

Finally, there is no merit to Johnson's contention that the definition of professional services operates as an exclusion and should be disregarded. It may be true that when a claim falls within the basic provision of the insuring clause there is a duty to defend even though ultimately there is no duty to indemnify. (See, e.g. *Ohio Casualty Ins. Co.* v. *Hubbard* (1984) 162

Cal.App.3d 939, 947-948 [208 Cal.Rptr. 806] [duty to defend, even though there may be no duty to indemnify for punitive damages].) But here the claim does not fall within the basic provisions of the insuring clause.

The insuring clause provides coverage for errors and omissions in professional services. The very nature of professional services is that they are rendered for others. This is a lawyer's malpractice policy. (*Transamerica Ins. Co.* v. *Sayble, supra,* 193 Cal.App.3d at p. 1569.) There is no objectively reasonable expectation that the insuring clause would cover Johnson for damages caused by a conspiracy action brought by Johnson on his own behalf.

The judgment is affirmed. Costs on appeal are awarded to respondents.

Stone (S. J.), P. J., and Yegan, J., concurred.